IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
1750 New York Avenue, N.W. )
Washington, DC 20006-5387 )
                                      Plaintiff, )   CIVIL ACTION NO.
   v. )
 )
PIONEER GLASS CORP. )
   a/k/a Pioneer Glass Corporation )
   a/k/a Pioneer Glass )
THE NERI GLASS COMPANY T/A )
   PIONEER GLASS CORP. )
   a/k/a The Neri Glass Company, Inc. )
PETER J. NERI )
   a/k/a Peter Neri )
23 Park Avenue )
Somerville, NJ  08876 )
 )
                                  Defendants. )

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

163965-1

## PARTIES

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5. Defendant, Pioneer Glass Corp. a/k/a Pioneer Glass Corporation a/k/a Pioneer Glass ("Pioneer"), is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

6. Defendant, The Neri Glass Company t/a Pioneer Glass Corp. a/k/a Pioneer The Neri Glass Company, Inc. ("Neri"), is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

7. Defendant, Peter J. Neri a/k/a Peter Neri ("Individual Defendant" and together with Pioneer and Neri, "Defendants"), is an officer and owner of Pioneer and Neri and signatory to a Promissory Note ("Note") and Personal Guarantee ("Guarantee") binding him personally to Pioneer's obligations to the Pension Fund. Individual Defendant maintains a business office or residence at the address in the caption.

## COMMON FACTS

8. At all times relevant to this action, Defendants were party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor

Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

9. On February 23, 2005, Individual Defendant executed a Note in favor of the Pension Fund and against Pioneer. Additionally, Individual Defendant executed a Guarantee obligating him personally to all obligations of Pioneer in the event of a default on the Note. A true and correct copy of the Note and Guarantee is attached as Exhibit 3.

10. Defendants also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

11. Under the Labor Contracts, Trust Agreement and Plan, Defendants agreed:

    (a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

    (b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

    (c) To produce, upon request by the Fund, all books and records

deemed necessary to conduct an audit of Defendants' records concerning their obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Defendants' failure to comply with their contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

12. Defendants also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

13. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

14. As a signatory on the Note and Guarantee, Individual Defendant is jointly and severally liable for the amounts owed to the Funds by Pioneer.

15. On information and belief, Plaintiffs allege that:

(a) Pioneer and Neri have identical officers and management;

(b) Pioneer and Neri are both painting contractors and serve the same or

similar type customers;

    (c)    Employees of Pioneer work for Neri using the same equipment and serving the same type or similar customers;

    (d)    Owners, officers and management of Neri were aware of and had full knowledge of Pioneer's unpaid obligations to the Funds; and

    (e)    Pioneer and Neri operate out of the same business address.

16.    Neri is the alter ego, single employer and/or successor of Pioneer with knowledge of the debt owed to the Funds by Pioneer.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

17.    The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18.    Defendants have failed to pay the Funds amounts due under the Labor Contract, Trust Agreements, Plan, Note, Guarantee and applicable law in at least the sum of $34,513.70 based upon information currently available to the Funds.

19.    Despite requests for payment, Defendants have not paid the Funds as required by the Labor Contracts, Trust Agreements, Plan, Note, Guarantee and applicable law.

20.    As alter ego, single employer and/or successor of Pioneer with knowledge of the debt of Pioneer to the Funds, Neri is jointly and severally liable for the amounts owed to the Funds by Pioneer.

21.     As a result of the failure of Pioneer to submit required remittance reports together with required contributions, Neri, as alter ego, single employer and/or successor of Pioneer, owes at least $34,513.70.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Declare that Neri is the alter ego or successor of Pioneer or, in the alternative, that Neri and Pioneer are a single or joint employer but that in any case Neri is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Pioneer.

(2)     Enter judgment against all Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $34,513.70 plus any additional amounts revealed by an audit of the Defendants' records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements and Plan.

(3)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

v.

### DEFENDANTS

22.     The allegations of Paragraphs 1 through 16 are incorporated by reference as if

fully restated.

23. The Note and Guarantee are "agreements" within the meaning of 29 U.S.C. §1145.

24. Defendants have failed to pay the Funds amounts due under the Labor Contract, Trust Agreements, Plan, Note, Guarantee and applicable law in at least the sum of $34,513.70 based upon information currently available to the Funds.

25. Defendants have failed to make payments despite the Funds' requests for payment.

26. As alter ego, single employer and/or successor of Pioneer with knowledge of the debt of Pioneer to the Funds, Neri is jointly and severally liable for the amounts owed to the Funds by Pioneer.

27. As a result of the failure of Pioneer to submit required remittance reports together with required contributions, Neri, as alter ego, single employer and/or successor of Pioneer, owes at least $34,513.70.

28. The Fund have been damaged by Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Declare that Neri is the alter ego or successor of Pioneer or, in the alternative, that Neri and Pioneer are a single or joint employer but that in any case Neri is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Pioneer.

(2) Enter judgment against all Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $34,513.70,

plus any additional amounts revealed by an audit of the Defendants' records of which may become due during the pendency of this lawsuit, together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan, Note, Guarantee and applicable law.

(3) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PENSION FUND

### v.

### DEFENDANTS

29. The allegations of Paragraphs 1 through 28 are incorporated by reference as if fully restated.

30. The amount of contributions Defendants are required to pay to the Fund is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

31. The Fund are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendants.

32. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

33. No audit of Defendants' books and records has been performed for any period and Defendants have not submitted all of the contractually-required remittance reports or provided all required information (including the detail of hours worked by employees) on reports they have submitted. The missing reports and information include, but are not limited to, remittance reports for October 2005 through to the present.

34. Defendants are required by the Labor Contracts, Trust Agreements and applicable law to permit the Fund to audit their records, to cooperate in determining the contributions due the Fund and to pay the cost of the audit if found to be delinquent.

35. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

36. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enjoin all Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of Defendants and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order Defendants, jointly and severally, to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

37.     The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38.     On information and belief, Defendants have failed to make contributions to the Funds as required by the Labor Contracts, Trust Agreements, Plan, Note, Guarantee and applicable law in a period not barred by any applicable statute of limitations or similar bar.

39.     On information and belief, the Funds have been damaged by the failure of Defendants to make contributions as required by the Labor Contracts, Trust Agreements, Plan, Note, Guarantee and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     After an audit, enter judgment against all Defendants, jointly and severally, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V- CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

v.

### DEFENDANTS

40. The allegations of Paragraphs 1 through 39 are incorporated by reference as if fully restated.

41. Defendants have failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

42. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of Defendants.

43. On information and belief, the Funds have been damaged by Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against all Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable

attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### PENSION FUND

### v.

### DEFENDANTS

44.     The allegations of Paragraphs 1 through 43 are incorporated by reference as if fully restated.

45.     A money judgment or other remedy available at law is inadequate because Defendants have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

46.     Unless ordered to do otherwise by this Court, Defendants will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

47.     All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Permanently restrain and enjoin all Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them from

continuing to violate the terms of the current collective bargaining agreement(s) between Defendants and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Defendants are contractually-required to do so.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
SANFORD G. ROSENTHAL Bar No. 48737
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0611
Attorneys for the Fund

Date: __2/3/06__

OF COUNSEL:

SHANNA M. CRAMER, ESQUIRE
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0674