IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 06-213(RCL) |
| v. | ) ) |
| PIONEER GLASS CORP., et al. | ) ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendants, Pioneer Glass Company a/k/a Pioneer Glass Corporation a/k/a Pioneer Glass ("Pioneer"), The Neri Glass Company t/a The Pioneer Glass Company ("Neri Glass") and Peter J. Neri. a/k/a Peter Neri ("Individual Defendant" and together with Pioneer and Neri Glass, "Defendants"), in the amount of $56,931.10.

The Pension Fund served its Complaint on Defendants on March 1, 2006. To date, Defendants have failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendants pursuant to Fed. R. Civ. P. 55(a) on May 1, 2006. Default was entered against the Defendants on May 2, 2006.

In light of Defendants' default, and their continuing failure to appear or otherwise defend, the Fund is entitled to judgment by default against Defendants. Fed. R. Civ. P. 55(b); Home Port Rentals v. Ruben, 957 F.2d 126 (4th Cir. 1992); United States v. DeFrantz, 708 F.2d 310 (7th Cir. 1983); Draisner v. Liss Realty, 94 U.S. App. D.C. 53, 211 F.2d 808 (1954), cert. denied, 348 U.S. 877 (1954). Where Defendants fail to respond to the complaint, all factual allegations in the complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Ryan v.

167660.1

Homecomings Financial Network, 253 F.3d 778 (4th Cir. 2001); Au Bon Pain Corporation v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981); Kelly v. Carr, 567 F.Supp. 831, 840 (W.D. MI 1983). General allegations of fact also are deemed true. Danning v. Lavine, 572 F.2d 1386-89 (9th Cir. 1978) (allegations of insolvency plead in general terms held sufficient to support a finding of fraudulent conveyance or voidable preference). Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Sanford G. Rosenthal and a proposed form of judgment.

The Pension Fund requests that the Court enter judgment by default against Defendants in the amount of $56,931.10, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $41,083.40.</u>

Defendants owe $6,344.47, which is the balance on a Promissory Note executed on February 9, 2005 by Individual Defendant on behalf of all Defendants, for outstanding contributions owed for the period September 2004 through December 2004. Montemore Declaration, ¶ 7. Additionally, Defendants owe the Pension Fund $34,738.93 in estimated contributions for the period November 2005 through March 2006. Montemore Declaration, ¶ 8. The estimated contributions are calculated by the Pension Fund based on the average of the last three months of remittance reports filed by Defendants. The contributions are estimated because Defendants failed to submit the required remittance reports for that period. Montemore Declaration, ¶ 8.

2.   <u>Interest through May 15, 2006 of $974.81.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through May 15, 2006 on Defendants' $41,083.40 in delinquent contributions totals $974.81. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶9; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3.   <u>Liquidated Damages of $10,456.64.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions or contributions paid after the due date. As indicated above, Defendants owe liquidated damages in the amount of $10,456.64 (twenty percent (20%) of $41,083.42, the total delinquent contributions, or $8,216.69, plus twenty percent (20%) of $11,199.75, the contributions paid after the due date, or $2,239.95) owed the Fund for the period October 2005 through March 2006. Since the total amount of liquidated damages is greater than the interest amount, Defendants owe $10,456.64 in liquidated damages attributable to the unpaid and late paid contributions for the period October 2005 through March 2006. Montemore Declaration, ¶10; 29 U.S.C. § 1132(g)(2).

4.   <u>Late charges of $219.59.</u>

ERISA and the Section 10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after

the due date and prior to litigation. Defendants owe $219.59 in late charges for the month of October 2005. See, International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993). Montemore Declaration, ¶11.

    5.    <u>Attorneys' fees and costs of $4,416.25</u>

Plaintiff has incurred $4,416.25 in attorneys' fees and costs in seeking payment of amounts owed by the Defendants for the period January 2006 through June 1, 2006. Rosenthal Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

    6.    <u>Injunctive Relief.</u>

In light of Defendants' failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (See, Montemore Declaration, ¶12) and the irreparable harm which Defendants' malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co., 640 F.Supp. 223 (D.D.C. 1986).

    7.    <u>Neri is the alter ego, single employer and/or successor of Pioneer.</u>

Neri is the alter ego, single employer and/or successor of Pioneer and liable for Pioneer's debts to the Fund. The factors to be considered in determining whether one employer is the alter ego of another are: substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership. Alkire v. NLRB, 716 F.2d 1014 (4th Cir. 1983), Fugazy

Continental Corporation v. N.L.R.B., 725 F.2d 1416, 1419 (DC Cir. 1984). See also, Stardyne Inc. v. N.L.R.B., 41 F.3d 141, 146, 151 (3d Cir. 1994). An alter ego finding may result even though all factors are not present and no one combination of factors is more controlling than any other combination. Stardyne, 41 F.3d at 146. The Fund alleged the following (See Complaint, ¶15):

  (a) Pioneer and Neri have identical officers and management;

  (b) Pioneer and Neri are both painting contractors and serve the same or similar type customers;

  (c) Employees of Pioneer work for Neri using the same equipment and serving the same type or similar customers;

  (d) Owners, officers and management of Neri were aware of and had full knowledge of Pioneer's unpaid obligations to the Funds; and

  (e) Pioneer and Neri operate out of the same business address.

As the alter ego of Pioneer, Neri is liable for all amounts owed by Pioneer to the Fund. See e.g., Howard Johnson Co. v. Detroit Local Joint Executive Bd. Hotel & Restaurant Employees, 417 U.S. 248, 259 n.5, 94 S.Ct. 2236, 2242, n.5 (1974); N.L.R.B. v. Omnitest Inspection Services, Inc., 987 F.2d 112, 122 (3d Cir. 1991); Local No. 627, International Union of Operating Engineers v. N.L.R.B., 518 F.2d 1040, 1045-46 (DC Cir. 1975), aff'd on this issue per curium sub nom. South Paire Construction Co. v. Int'l Union of Operating Engineers, 425 U.S. 800, 96 S.Ct. 1942, 48 L.Ed.2d 382 (1976).

  8. <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in

connection with the enforcement and collection of any judgment entered by the Court. See, Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

          Respectfully submitted,

          JENNINGS SIGMOND, P.C.


          BY: /s/ Sanford G. Rosenthal
              SANFORD G. ROSENTHAL, ESQUIRE
              (I.D. NO. 478737)
              The Penn Mutual Towers, 16th Floor
              510 Walnut Street, Independence Square
              Philadelphia, PA 19106-3683
              (215) 351-0611/0660

Date: June 2, 2006              Attorneys for Plaintiff