IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 06-213(RCL) |
| v. ) ) | |
| PIONEER GLASS CORP., *et al.* ) ) | |
| Defendants. ) | |

## DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1. I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund"). I have held that position since November 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2. The Pension Fund is an "employee benefit pension plan" as defined in § 3(2)(A)(I) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(I), established by the International Union of Painters and Allied Trades, AFL-CIO-CFL (" the International"), and employers in private industry whose employees are members of or otherwise represented by the International and its district councils and local unions, for the purpose of providing retirement income to the employees. The Pension Fund is administered in the District of Columbia from its principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

141342-1



3. A complete and accurate copy of the Agreement and Declaration of Trust of the Pension Fund is attached to the Complaint as Exhibit 1 and is incorporated herein by reference.

4. Pioneer Glass Company a/k/a Pioneer Glass Corporation a/k/a Pioneer Glass ("Pioneer") and The Neri Glass Company t/a The Pioneer Glass Company ("Neri Glass") are New Jersey corporations.

5. Peter J. Neri a/k/a Peter Neri ("Individual Defendant" and together with Pioneer and Neri, "Defendants"), is an officer and owner of Pioneer and Neri and signatory to a Promissory Note ("Note") and Personal Guarantee ("Guarantee") binding him personally to Pioneer's obligations to the Pension Fund.

6. Defendants entered into collective bargaining agreements with District Council 711 ("DC 711"). DC 711 is a labor organization representing individuals employed in the painting and allied trades industry. The collective bargaining agreement requires Defendants to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreement. Failure to make the required contributions, or to submit either incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

7. Pioneer failed to make contributions and on February 23, 2005, Defendants executed a Note in favor of the Pension Fund and against Pioneer in the amount of $9,311.43 representing delinquency contributions for the period September 2004 through December 2004. Defendants subsequently failed to make payments in accordance with the Note, and a balance in the amount of $6,344.47 remains due and owing.

8.      Defendants also failed to submit contributions and the required remittance reports for its employees for the period of November 2005 through March 2006. Since Defendants failed to submit the required remittance reports, the Fund has estimated the Defendants owe contributions for this period in at least the amount of $34,738.95. This estimate is based on the average of the remittance reports filed for the three months immediately preceding the period for which no report(s) were filed. The average for the months in this time period is as follows:

| Month | Amount |
|---|---|
| August 2005 | $ 6,845.54 |
| September 2005 | $ 5,901.88 |
| October 2005 | $ 8,095.94 |
| **Total** | **$20,843.36** |

**Estimated Monthly Contribution: $20,843.36/ 3 = $6,947.79 x 5 = $34,738.95**

9.      Defendants owe interest through May 15, 2006 in the amount of $974.81 on the unpaid pension contributions set forth in ¶¶7, 8. The interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached to the Complaint as Exhibit 2 and incorporated herein by reference).

10.     Section 10 of the Plan parallels the ERISA statute, 29 U.S.C. § 1132(g)(2), and requires the assessment of liquidated damages against Defendants in an amount equal to the greater of the following: the amount of interest owed on the delinquent principal, or twenty percent (20%) of the delinquent principal. As noted above, the total interest owed through May 15, 2006 is $974.81. Twenty percent (20%) of Defendants' unpaid contributions amount ($41,083.42) is $8,216.69. Twenty percent (20%) of Defendants' late paid contributions amount ($11,199.75) is $2,239.95. Since the total amount of liquidated damages, $10,456.64, is greater

than the interest amount, Defendants owe $10,456.64 in liquidated damages attributable to the unpaid contributions during the period October 2005 through March 2006.

11.   ERISA and the Section 10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate.  Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation.  Defendants owe $219.59 in late charges for the month of October 2005.

12.   Despite a continuing contractual obligation to do so, Defendants have repeatedly failed to submit timely remittance reports and pension contributions. The Pension Fund and its Trustees are required to pay benefits to all properly eligible employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize pension credits and to pay pensions to vested employees is absolute and continues even if the employers fail to pay their required pension contributions.  Employer contributions <u>and</u> the earnings the Pension Fund receives by investing these contributions comprise the assets from which the Pension Fund pays retirement benefits to participants and their dependents and beneficiaries. When employers, like Defendants, fail to pay their contributions or do not pay them timely, the Pension Fund is deprived of the investment income they otherwise could have earned.  In addition, the Pension Fund also must engage in time-consuming and costly efforts to collect the unpaid contributions.  These efforts include letters and phone calls to the employer, investigating other sources for collection and attempting to calculate delinquency amounts and benefit eligibility through other sources (e.g. paystubs), if

available. Further, the Pension Fund has to process benefit eligibility and benefit claims manually so that participants (and their dependents) employed by the delinquent employer are not deprived of retirement benefits. The actual losses and added costs (in terms of dollar amount, capital and manpower) incurred by the Pension Fund in connection with an employer contribution delinquency are not capable of precise determination, but they are substantial. The Defendants' refusal to contribute as they are bound means irreparable harm and injury to the Pension Fund – an obligation to make benefit payments to employees without necessary contributions from Defendants to cover those benefits. Therefore, Defendants should be required to submit timely current contributions and remittance reports in the future.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Date: 6/1/06

_____
THOMAS C. MONTEMORE