UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-213 (RCL) |
| v. | ) ) | |
| PIONEER GLASS CORP., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DEFAULT JUDGMENT

Upon consideration of the Complaint and Motion [10] for Entry of Judgment by Default of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension Fund" or "Plaintiff"), it appears to the Court that defendants, Pioneer Glass Company a/k/a Pioneer Glass Corporation a/k/a Pioneer Glass ("Pioneer"), The Neri Glass Company t/a The Pioneer Glass Company ("Neri Glass") and Peter J. Neri aka Peter Neri ("Individual Defendant" and together with Pioneer and Neri Glass, "Defendants") have willfully failed to appear, plead or otherwise defend, and it is ORDERED:

1.  Neri is the alter ego, single employer and/or successor of Pioneer.

2.  Judgment is entered against Defendants, and in favor of Plaintiff in the total amount of $56,931.10, itemized as follows:

    (a) The balance of a Promissory Note executed on February 9, 2005 in the amount of $6,344.47;

1

    (b)    Unpaid contributions for the period November 2005 through March 2006 in the amount of $34,738.93 under 29 U.S.C. § 1132(g)(2) and 185(a);

    (c)    Interest from the date contributions became due until May 15, 2006, in the amount of $974.81;

    (d)    Liquidated damages in the amount of $10,456.64 (twenty percent (20%) of $41,083.40, the total delinquent contributions, or $8,216.69, plus twenty percent (20%) of $11,199.75, the contributions paid after the due date, or $2,239.95) owed the Fund for the period October 2005 through March 2006;

    (e)    Attorneys' fees and costs in the amount of $4,416.25 incurred by Plaintiff through June 1, 2006, as provided in 29 U.S.C. § 1132(g)(2)(D).

3.    Defendants, their owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under their collective bargaining agreement(s).

3.    Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred

in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 22, 2006.